**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | **5:05-CR-98 (WDO)** |
| **DERRICK JACKSON,** : | |
| : | |
| **Defendant** : | |

**ORDER**

This matter is before the Court on the Defendant's motions for return of property seized at the time of his arrest for money laundering. Defendant filed the motions pursuant to Federal Rule of Criminal Procedure 41. However, because some of the property he seeks was seized administratively and not as part of this criminal action, that is not an available avenue of relief for Defendant. Coley v. United States, 2006 WL 1228983, n.3 (11th Cir. May 9, 2006). Because the administrative proceedings are ongoing, this Court is without jurisdiction to review the matter at this stage of the proceedings, and Defendant has produced no evidence of extraordinary circumstances warranting asserting jurisdiction over the matter at this time. Id. at *1. Defendant Jackson concedes this point on some of the property he seeks returned.

Defendant Jackson also seeks the return of four different sums of money that were initially in two Bank of America accounts and two Suntrust accounts. These funds were deposited into the accounts by the IRS as income tax refunds pursuant to income tax returns filed by Defendant Jackson. After the money was deposited, both banks had suspicions of

irregularities regarding the transactions and froze the accounts.  After conducting internal investigations, the banks determined the money was likely fraudulently obtained from the IRS.  The banks thereafter returned the money to the IRS.  The U.S. Attorney's Office for the Middle District of Georgia, Macon Division, the entity from which Defendant seeks a return of the money, has never had possession or any type of control over these funds.  Defendant must therefore seek a return of the money from the IRS.

"The United States, as sovereign, may not be sued without its consent." Carione v. United States, 291 F.Supp.2d 141, 145 (E.D.N.Y. 2003) (citation omitted).  "Thus, all suits brought against the United States must comply with the terms of the statute pursuant to which the government has consented to be sued." Id. (citation omitted).  "In the instant context, actions against the United States for tax refunds may be brought under a narrowly construed set of guidelines set forth in 26 U.S.C. § 7422(a) and its accompanying guidelines." Id. at 146.  "[A] prerequisite to a Section 7422 lawsuit seeking a tax refund is a refund claim filed with the Internal Revenue Service at least six months prior to initiation of the action that sets forth in detail the ground for the refund and facts sufficient to apprise the IRS of the basis for the refund." Id. (citing 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2(b)(1)) (other citation omitted).  "The failure to file a sufficient claim divests the district court of subject matter jurisdiction." Id. (citation omitted).

Based on the foregoing, Defendant Jackson is not permitted to bring his motion for return of property *in this court in this case* because he must first pursue his § 7422 remedies.  Defendant's motion for return of property is DENIED.

**SO ORDERED this 27th day of September, 2006.**


**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**